| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Julie Beck | Telephone: (313) 226-9717 |
|---|---|---|
| | Agent: Edward La Vigne | Telephone: (956) 231-8719 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
KARAMJIT SIDHU

Case: 2:20−mj−30394
Assigned To : Unassigned
Assign. Date : 9/21/2020
CMP: USA v SIDHU (MAW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 19, 2020 - September 20, 2020 in the county of Wayne in the Eastern District of Michigan - SD, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841 | Possession With Intent to Distribute Cocaine |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.

_E. A. La Vigne_
*Complainant's signature*

Edward La Vigne, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: September 21, 2020

_Elizabeth A. Stafford_
*Judge's signature*

City and state: Detroit, Michigan

Honorable Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Edward La Vigne, being duly sworn, depose and state the following:

1) I am a Special Agent (SA) with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) in Detroit, Michigan, which is located in the Eastern District of Michigan. I have over 17 years of federal law enforcement experience, and over ten years relating to border enforcement activities. During my tenure with the Department of Homeland Security, I have conducted numerous investigations relating to money laundering, contraband smuggling, and drug distribution. The following information is based upon my own investigation and previous experiences, as well as investigations conducted by fellow law enforcement officers and their previous experiences.

2) I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other law enforcement officers and agents, from my discussions with witnesses and the suspect involved in the investigation, and from my review of records and reports relating to the

investigation. I have not included details of every aspect of the investigation.

FACTS AND CIRCUMSTANCES IN SUPPORT OF PROBABLE CAUSE:

3) On September 19, 2020, Customs and Border Protection Officers (CBPO) contacted the Homeland Security Investigations (HSI) on call Special Agent (SA) Rob Mowery regarding the outbound Customs inspection of commercial truck driver Karamjit SIDHU, a Canadian citizen. SA Mowery in turn contacted the HSI Detroit Narcotics Group to refer the information. HSI Detroit Special Agent Edward (Ted) La Vigne was contacted by the supervisor and responded to the scene.

4) According to CBP Officers, SIDHU attempted to drive his commercial truck with attached commercial trailer from Detroit, Michigan to Windsor, Canada via the Detroit Ambassador Bridge at approximately 9:30 PM. CBPOs stated SIDHU was observed entering the outbound plaza of the Detroit Ambassador bridge. CBPO's attempted to stop SIDHU using their emergency equipment, but SIDHU failed to stop for their vehicle and proceeded by the marked CBP vehicle with its police lights activated, CBPOs then activated their sirens and horn to get SIDHU to bring his truck to a stop. CBPOs stated this is unusual as commercial trucks always stop for emergency vehicles with their equipment activated. SIDHU was then

directed to the outbound vehicle inspection area by CBPOs.

5) During this outbound Customs inspection, a CBP Officer made contact with SIDHU. SIDHU advised CBPOs that he was the owner and operator of the truck and the sole driver of the truck. CBPOs removed the seal from the rear of the trailer, and advised SIDHU they needed the key for the trailer door's pad lock so they could inspect his cargo. CBP Officers have the authority to inspect commercial cargo entering and departing the United States. At this time SIDHU became nervous and insisted he unlock the trailer for CBPOs. However, CBPOs secured the keys from SIDHU and unlocked the padlock to the trailer doors. After unlocking the truck trailer, CBPOs were still unable to open the latch to the trailer doors. CBP Officers routinely inspect hundreds if not thousands of commercial trucks each year and found the situation highly unusual. In order to open the trailer doors, CBPOs had to forcibly strike the latch and the entire latch fell completely off the door. CBPOs stated it appeared that the latch was glued on to the door and had clearly been tampered with. The bolts, which usually secure the latch, were not actually serving a purpose. CBPOs surmised this was likely how the seal was prevented from being tampered with or broken, as the seal could be removed without breaking it from the latch. CBPOs believed this was done to secrete the narcotics into the trailer without it being detected by law

enforcement personnel. Upon opening the trailer door, CBPOs climbed on top of the first set of pallets and immediately observed two suitcases that were not secured to the pallets. They were sitting directly on the palletized auto parts in plain sight. In my experience, loose luggage or any commodity unsecured on top of secure palletized cargo in a commercial trailer is very unusual. CBPOs stated they searched the suitcases and immediately identified black vacuum sealed brick packages, as well as clear vacuum seal packages, with what appeared to be a white substance inside. Samples of three of the packages were field tested with a "Gemini" drug test device, and all three packages returned positive results for the presence of cocaine.

6) On September 19, 2020 HSI SA La Vigne responded to the Detroit Ambassador Bridge and reviewed items seized by CBP Officers. This review disclosed 50 plastic wrapped kilogram sized bricks, with many of the bricks containing embossed logos, which is consistent with large-scale drug smuggling/distribution. SA La Vigne is aware based upon experience that 52 kilograms of suspected cocaine has an estimated retail value of $2,750,000.00 in the Toronto, Canada areas. SA La Vigne is aware through prior investigations, that commercial truck drivers are actively involved in smuggling cocaine from the U.S. into Canada, and are paid approximately $1,000 per kilogram smuggled. SA La Vigne is also aware that commercial

truck drivers involved with cocaine smuggling typically receive under 40 kilograms to smuggle per occasion, unless they have completed multiple successful smuggling ventures.

7) On September 20, 2020 SIDHU received his Miranda warnings from HSI Special Agents, which he subsequently waived and agreed to speak with agents. This interview was conducted in the English and Punjabi languages. SA's verified that SIDHU spoke English but preferred to speak Punjabi. SA's initially conducted the biographical questionnaire in the English language but utilized a Detroit Enforcement and Removal Operations (ERO) officer to perform translation of the interview in Punjabi. During the interview, agents repeatedly asked SIDHU about the suspected cocaine found within his truck. SIDHU did not acknowledge ownership of the suspected cocaine, and further denied the presence or knowledge of the suspected cocaine found. SIDHU admitted he did put the padlock on the trailer doors when he received the trailer at a truck yard in Laredo, Texas. SIDHU stated he did not observe anything unusual with the Customs seal or the door latch at that time, and he was unaware of when or how the latch was tampered with. SIDHU stated the truck and trailer were never out of his possession, as he slept in the cab during his travels.

8) On September 20, 2020, CBPOs completed computer queries relating to

SIDHU. These queries disclosed that SIDHU was the sole occupant/operator of the truck containing the suspected cocaine during more than 27 U.S. international border entries in the past year.

9) SIDHU was subsequently escorted to a local police station and detained by agents pending his initial appearance in federal court. CBPO's seized all narcotics, the truck, trailer, phone, GPS device, and tablet.

10)   SA La Vigne is aware that this criminal conduct occurred within the Eastern District of Michigan and based upon my training and experience, the drug amount seized is an amount consistent with large scale distribution.

11) Based on the foregoing, there is probable cause to believe that Karamjit Sidhu violated 21 United States Code, Section 841.

*E. A. La Vigne*
_____
Special Agent Edward La Vigne
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to and subscribed before me in person or
By reliable electronic means.

*Elizabeth A. Stafford*
_____
Honorable Elizabeth A. Stafford
United States Magistrate Judge

Dated:   September 21, 2020